

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00483-CV

_____

PAULA WOODARD, Appellant

V.

PHOI D. TU, GRANDLUX NAIL SALON INCORPORATED, AND PHILBERT
NYUGEN, Appellees

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 22-5677-431

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellant Paula Woodard attempts to appeal the trial court's October 27, 2022 amended order granting Appellees Phoi D. Tu, Grandlux Nail Salon Incorporated, and Philbert Nyugen's motion to dismiss and awarding Appellees $6,912.50 in attorney's fees pursuant to Texas Rule of Civil Procedure 91a. The order expressly disposes of some claims but clearly states that Woodard's claims for negligence, assault, and breach of contract remain to be litigated.

We may consider appeals only from final judgments or from interlocutory orders made immediately appealable by statute. *Bonsmara Nat. Beef Co. v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020). When, as here, a judgment is rendered without a conventional trial on the merits, the judgment "is not final unless (1) it actually disposes of every pending claim and party or (2) it clearly and unequivocally states that it finally disposes of all claims and parties" even though the statement was included in error and the order "should have been interlocutory." *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200, 205 (Tex. 2001). The trial court's October 27, 2022 order does neither; it does just the opposite by expressly stating that it is interlocutory and identifying the claims remaining to be litigated. Additionally, interlocutory orders granting a Rule 91a motion to dismiss are not appealable. *Hollis v. ProPath Assocs., PLLC*, No. 02-19-00167-CV, 2019 WL 3024472, at *1 (Tex. App.—Fort Worth July 11, 2019, no pet.) (per curiam) (mem. op.); *see DRC Constr. v. Pickle*, No. 01-20-00576-

2

CV, 2022 WL 479918, at *4 (Tex. App.—Houston [1st Dist.] Feb. 17, 2022, no pet.) (per curiam) (mem. op.) ("No statutory or other authority allows for an interlocutory appeal from an order that grants a Rule 91a motion to dismiss but does not dispose of all pending claims.").

We notified Woodard that we questioned our jurisdiction over this appeal because the order does not appear to be a final judgment or an appealable interlocutory order. *See* Tex. R. App. P. 42.3. We informed her that this appeal could be dismissed for want of jurisdiction unless she filed a response showing grounds for continuing the appeal by December 19, 2022. *See* Tex. R. App. P. 44.3. We received a response from Woodard almost two months later, but it did not address our jurisdictional question.

Because the order from which Woodard attempts to appeal is not a final judgment or an appealable interlocutory order,[1] we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered: March 9, 2023

---

[1]While the award of attorney's fees is ordered to be paid while the case is still pending in the trial court, that does not appear to make the order final or appealable. *See Shah v. Maple Energy Holdings, LLC*, No. 08-22-00133-CV, 2022 WL 3367756, at *1 (Tex. App.—El Paso Aug. 16, 2022, no pet.) (mem. op.) ("[N]o statute permits an interlocutory appeal of orders . . . awarding attorney fees under Rule 91a . . . .").